Rex, J.
The first question to be determined is: Did the-Superior Court err in overruling the objection of the plaintiffs in error to the testimony offered by the defendant in error ?
We think it did not. It is proper in an action of slander for the plaintiff to show, not only her social relations, but also the social relations of the defendant, for the purpose of enabling the jury to determine the nature and extent of the injury.' The object of the action of slander is to recover damages for the injury sustained, in consequence of the uttering and publishing of the false and malicious charge; any evidence, therefore, which tends to show the nature- and extent of the injury is admissible.
The refusal of the court to instruct the jury as requested by the defendants in their first proposition, is next assigned for error.
The proposition is, that if at the time of the speaking oi the words, the defendant stated them as a report, and gave her authority, such communication of the previous publication is a justification of the repetition. This, we think, is- *14 not the law. A party is not protected from an action by the party injured, by communicating a previous publication and giving the name of the publisher at the time he repeats the slanderous words. Hains v. Welling, 7 Ohio, 253. Malice may be evinced in circulating slanderous reports as well as in originating them; and if the words repeated are actionable in themselves, the malicious intent in publishing them will he inferred, unless it be shown that the circumstances under which the words were uttered and published were such as to repel the inference. The circumstances shown in this case were not of such character, and therefore the court did not err in refusing to give the instructions requested.
It is also claimed that the court erred in refusing to give to the jury the instructions asked in the second and third requests of the defendants.
The act of the general assembly of May 1, 1861 (S. & S. 889), as amended March 23,1866 (S. & S. 391), and as further amended March 80, 1871 (68 Ohio L. 48), “ concerning the rights and liabilities of married women,” does not relieve the husband of his common-law liability, for torts committed by his wife during coverture. There is nothing in the act which evinces, in any degree whatever, an intent to change or abrogate the rules of the common law in this i-espect, and therefore we will not, by implication, extend its provisions. Under these rules, in an action against husband and wife, for slanderous words spoken by the wife, exemplary damages may be allowed.

Motion overruled.

McIlvaxne, C. J., Welch, White, and Gilmore, JJ., concurred.